UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARRICK MEIKLE,

        Plaintiff,

-against-

TRANSACTION NETWORK SERVICES, INC.,

        Defendant.

20-CV-953 (JGK) (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/22/21

**BARBARA MOSES, United States Magistrate Judge.**

After four extensions, fact discovery closed in this employment discrimination action on July 21, 2021. *See* Revised Scheduling Order (Dkt. No. 38) at 1. On that day, defendant filed a letter-motion (Dkt. No. 39) seeking to compel plaintiff to appear for a continued deposition during the week of July 26, 2021, because: (a) although the deposition was noticed for 10:00 a.m. on July 19, 2021 (two days prior to the cut-off), plaintiff's counsel arrived half an hour late; (b) the parties took several short breaks, including "a full hour" for lunch; and (c) plaintiff's counsel "left the deposition at 6:00 in the middle of questioning." Defendant asserts that it has "approximately one hour of time remaining under the seven-hour questioning limit." Defendant does not describe what topics, if any, it failed to cover with plaintiff during the approximately six hours of questioning completed on July 19.

In his responding letter, also dated July 21, 2021 (Dkt. No. 41), plaintiff claims that (a) the "majority" of the breaks on July 19 were "attributable to Defendant"; (b) defendant did not request a shortened lunch break; (c) defendant's counsel returned from lunch ten minutes later than plaintiff's counsel; and (d) plaintiff's counsel did not expect the deposition to go beyond 5:00, no advance notice having been given, and could not stay beyond 6:00 due to a childcare issue. Plaintiff then complains that the July 13, 2021 deposition of Shanna Brown, the head of defendant's Human

1

Resources Department, was "speedily concluded in order to be completed by 5:00 p.m.," even though it started late at the request of defendant, and asserts that plaintiff learned for the first time, at the Brown deposition, that two other employees, Shelley Carver and Ann-Marie Breggan, "conducted the investigation" into plaintiff's complaint of discrimination. Plaintiff states that he will consent to an extension of time to complete his deposition, so long as it is a "full" extension, meaning that defendant may also use it to depose Carver and Breggan (whose depositions he has apparently noticed for August 2, 2021) "and for the continuation of Shanna Brown's deposition." Plaintiff does not assert that his counsel was prevented from continuing the Brown deposition past 5:00 on July 13, and does not describe what topics, if any, he failed to cover with Brown before concluding it at that hour. Nor does he explain (i) why he made no request for a continued Brown deposition until defendant requested a continued deposition of plaintiff; or (ii) why he noticed the depositions of Carver and Breggen for a date past the fact discovery cut-off without Court consent.

The Federal Rules of Civil Procedure, including the discovery rules, are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In 2015, Rule 1 was amended to emphasize that this responsibility does not fall on the court alone: "[T]he parties share the responsibility to employ the rules in the same way." *Id*. (advisory committee's note to 2015 amendments). "Effective advocacy is consistent with – and indeed depends upon – cooperative and proportional use of procedure." *Id*.

The Local Rules of the Southern and Eastern District of New York make the parties' obligations in discovery even more explicit:

> Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures.

Local Civ. R. 26.4(a).

Cooperation, courtesy, and "proportional use of procedure" are not merely aspirational goals for lawyers; they are crucial to the efficient functioning of our civil justice system. "Without cooperation among lawyers for clients who are in an adversarial position, civil cases in this Court could not proceed to a final and just conclusion." *Alexander Interactive Inc. v. Adorama, Inc.*, 2014 WL 4058705, at *1 (S.D.N.Y. Aug. 14, 2014). Put simply, "the courts would grind to a halt if it became necessary to intervene constantly in discovery disputes." *Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 43 (S.D.N.Y. 2009). Thus, lawyers should "strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests." *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 415 F. Supp. 2d 261, 280 n.100 (S.D.N.Y. 2005) (quoting *In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328, 331 (N. D. Cal. 1985)).

The discovery disputes outlined in the parties' July 21 letters do not arise out of any "extraordinary" situation, and do not implicate any "truly significant interests." Rather, the dueling requests for judicial intervention – including petty complaints about the start times of depositions and the length of a lunch break – flow from what appears to be a combination of poor planning[1] and unwillingness to engage in the "cooperative and proportional" use of procedure required by the Federal Rules, particularly when it comes to the scheduling and timing of depositions. Moreover, both sides have ignored my individual practices, which required them to meet and confer in good faith, by telephone or in person, before seeking judicial relief. *See* Order dated June 22, 2021 (Dkt. No. 37) ¶ 2; Moses Ind. Prac. § 2(b) ("An exchange of letters or email alone does

---

[1] Defendant scheduled plaintiff's deposition to begin at 10:00 a.m. two days before the fact deposition cutoff, without any discussion of how late that deposition would go or when (if ever) it would resume if necessary. Common sense alone suggests that this topic should have been broached before 4:00 p.m. on the day of the deposition.

3

not satisfy this requirement."). I further note that plaintiff's counsel is attempting to use defendant's prompt (if petty) request for one additional hour with plaintiff as leverage to obtain additional time with Brown – and two entirely new depositions – which his counsel should have requested immediately on July 13, but did not.

Under the circumstances, both letter-motions are DENIED. Fact discovery has concluded. Defendant has made no showing as to its actual need for one additional hour with plaintiff. Plaintiff has made no showing as to its actual need for any additional time with Brown. Nor does he explain his delay in seeking late depositions of two additional witnesses whose identity he discovered – by his own account – on July 13.

The parties may, if they wish, stipulate to one or more late fact deposition sessions, so long as they comply with the remaining deadlines in the Revised Scheduling Order. The Court, however, will not rescue them from their current predicament.

The Clerk of Court is respectfully directed to close the letter-motion at Dkt. No. 39.

Dated: New York, New York
       July 22, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**