UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARRICK MEIKLE,<br><br>     Plaintiff,<br><br> -against-<br><br>TRANSACTION NETWORK SERVICES, INC.,<br><br>     Defendant. | 20-CV-953 (JGK) (BCM)<br><br>**ORDER**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 8/4/21 |

**BARBARA MOSES, United States Magistrate Judge.**

By Order dated July 22, 2021 (July 22 Order) (Dkt. No. 42), I denied (a) defendant's letter-motion (Dkt. No. 39) for an order compelling plaintiff Garrick Meikle to appear for continued deposition after the expiration of the fact discovery cut-off; and (b) plaintiff's letter-motion (Dkt. No. 41) for an order compelling defendant to produce three of its employees (Shanna Brown, Anne-Marie Berggren, and Shelley Carver) for continued or newly-noticed depositions after the expiration of the fact discovery cut-off. I did not, however, forbid the parties from obtaining by negotiation that which I declined to mandate:

> The parties may, if they wish, stipulate to one or more late fact deposition sessions, so long as they comply with the remaining deadlines in the Revised Scheduling Order.

July 22 Order at 4.

No compromise appears to have been reached. Instead, by letter-motion dated July 30, 2021 (Def. Ltr.) (Dkt. No. 43), defendant asks me to reconsider the portion of the July 22 Order declining to compel plaintiff to appear for one more hour of deposition. Defendant explains (for the first time) that it needs the time to ask plaintiff about his alleged damages, including emotional distress. Def. Ltr. at 1. In response, by letter dated August 3, 2021 (Pl. Ltr.) (Dkt. No. 44), plaintiff opposes defendant's reconsideration request. At the same time, defendant asks me to reconsider the portion of the July 22 Order declining to compel defendant to produce Ms. Berggren and Ms.

Carver for late depositions. Plaintiff explains (for the first time) that "immediately upon concluding Ms. Brown's deposition on July 13th, we noticed the deposition of Ann-Marie Berggren and Shelley Carver for August 3 and August 4, the earliest date that we could depose them given the required twenty-day notice period." Pl. Ltr. at 1. Plaintiff fails, however, to explain "why he noticed the depositions of Carver and Breggen for a date past the fact discovery cut-off without Court consent." July 22 Order at 2.

Reconsideration is an "extraordinary remedy to be applied sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d. 613, 614 (S.D.N.Y. 2000)). Reconsideration motions must "set forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civ. R. 6.3. Facts set forth for the first time in the reconsideration motion "cannot have been 'overlooked' by the court during its consideration of the initial motion." *Lewis v. N.Y. Tel.*, 1986 WL 1441, at *1 (S.D.N.Y. Jan. 29, 1986) (citation omitted); *see also Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 5408171, at *5 (S.D.N.Y. Sept. 27, 2016) (document on which plaintiff RPI relied in its reconsideration motion was not "'overlooked' by the Court, since RPI never previously submitted it"); *Ferring B.V. v. Allergan, Inc.*, 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013) (movant must demonstrate that court overlooked matters "that were before it on the original motion"). Similarly, legal arguments raised for the first time on reconsideration are not proper grounds for reconsideration. *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petrol. Corp.*, 948 F.2d 111, 115 (2d Cir. 1991). Thus, the standard for granting a reconsideration motion is "strict," and reconsideration generally will be denied "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).

Neither plaintiff nor defendant has satisfied the high standard required for reconsideration. Instead, both parties belatedly supply facts that were available to them but which they failed to mention in their original motions to compel. This is insufficient. "Rule 6.3 is intended to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *S.E.C. v. Ashbury Capital Partners, L.P.*, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

Nor has either party made a convincing case that reconsideration is required "to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation and citation omitted). As noted above, the Court has not forbidden the parties from conducting some or all of the requested late depositions. The option of stipulating to some compromise arrangement remains open to them. If they are unable to do so, they will have only their own intransigence to blame. Reconsideration is DENIED.

This Order disposes of the letter-motions at Dkt. Nos. 43 and 44.

Dated: New York, New York
       August 4, 2021

                                        **SO ORDERED**.

                                        _____
                                        **BARBARA MOSES**
                                        **United States Magistrate Judge**